NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1757
_____

MIGNONE SALLY N'JIE;
EDWARD B. MENDY,
Appellants

v.

MEI CHEUNG; JIN LOK;
ABC INSURANCE COMPANY;
XYZ INSURANCE COMPANY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-00919)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2012

Before: RENDELL, FUENTES and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: November 20, 2012)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiffs, tenants of a property in Nutley, New Jersey, appeal from the District Court's grant of summary judgment in favor of their landlord, Defendant Mei Cheung, and Cheung's husband, Defendant Jin Lok. We will affirm.

Plaintiffs and Defendant entered into a lease agreement covering a term from April 15, 2007 through April 15, 2009. At the end of the lease agreement, the following language was added in handwriting: "Option to renew for one year lease terms. Rent for second year shall be $2400.00. Option to buy. Right of first refusal." (App. 69.) In January 2009, Cheung informed Plaintiffs that she and her husband would be moving into the property, and told Plaintiffs that they would have to move out. (App. 228.) Claiming that Cheung unlawfully deprived them of their option to buy the property, Plaintiffs initiated this action in March 2009. In total, Plaintiffs asserted 14 claims against Defendants.

In an opinion dated March 1, 2011, Judge Chesler granted Defendants' motion for summary judgment in its entirety and dismissed Plaintiffs' claims. (Doc. No. 67; App. 5.) With regard to Plaintiffs' breach of contract claims, Judge Chesler reasoned that Defendants showed "an authentic, subjective intention to personally occupy their unit" (App. 9), thereby demonstrating good cause for refusing to renew the lease, and that the lease agreement could not be interpreted to give rise to an enforceable option to buy. Because the District Court concluded that Cheung did not breach the lease agreement, it granted summary judgment on Plaintiffs' inducement of breach of

2

contract and unjust enrichment claims in favor of Defendants. Furthermore, because the parties agreed that Cheung never made a "clear and definite" promise to sell the property, the District Court granted summary judgment on Plaintiffs' detrimental reliance claim in favor of Defendants. Finally, the District Court concluded that Plaintiffs had not adequately alleged facts to support their "post-termination violations" claim or their libel and slander claim.

Plaintiffs' appeal of the District Court's grant of summary judgment in favor of Defendants raises three issues: (1) whether the District Court erred in granting Defendants' motion for summary judgment; (2) whether the District Court erred in failing to grant Plaintiffs' Rule 56(f) motion; and (3) whether the District Court erred in failing to permit Plaintiffs to continue to depose Defendants.[1]

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision *de novo*. *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011). Summary judgment is proper if no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law. *Marino v. Indus. Crating Co.*, 358 F.3d 241,

[1] Defendants raise objections to the notice of appeal filed by Plaintiff Edward B. Mendy, arguing that Mendy violated Magistrate Judge Shipp's August 16, 2010 order by signing the notice of appeal as Pennsylvania counsel despite not being admitted to the Pennsylvania bar *pro hac vice*, and urging this Court to dismiss the appeal. Because Plaintiffs are proceeding *pro se*, however, the Court finds it inappropriate to dismiss the instant appeal. Accordingly, we will address the merits of Plaintiffs' appeal.

247 (3d Cir. 2004). We also review the legal interpretation of contractual language *de novo*. *Id.*

In challenging the legal conclusions reached by the District Court, Plaintiffs largely recycle arguments they made in opposing Defendants' motion for summary judgment. We will adopt Judge Chesler's well-reasoned opinion, which rejected Plaintiffs' arguments the first time around. Plaintiffs' other arguments do not convince us that the District Court erred in granting summary judgment.

Plaintiffs argue for the first time on appeal that Defendants violated New Jersey's Anti-Eviction Statute by initiating an eviction action before the end of the lease and by failing to provide proper notices to Plaintiffs. Plaintiffs failed to make the first argument in District Court. However, even if they had, this line of argument would not be sufficient to demonstrate that Defendants breached the *lease agreement* – if anything, Defendants failed to comply with the procedures contemplated in the Anti-Eviction Statute.[2] However this is not indicative of their breach of the *lease agreement* itself, and indeed, the Statute contemplates the owner's intent to personally occupy the premises as "good cause" for non-renewal and the basis of a removal proceeding.

---

[2] The language of the Anti-Eviction Statute states that "[n]o . . . tenant . . . may be removed by the Superior Court from any house [or] building . . . except upon establishment of one of the following grounds as good cause: . . . (l)(2) The owner . . . seeks to personally occupy the unit." N.J.S.A. 2A:18-61.1(*l*)(2). Furthermore, owners seeking to evict tenants pursuant to that provision must provide "two months' notice prior to the institution of the action and, provided that where there is a written lease in effect no action shall be instituted until the lease expires." N.J.S.A. 2A:18-61.2(f).

Plaintiffs also argue that the District Court erred in failing to consider parole evidence with regard to the "option to buy" provision. Plaintiffs insist that extrinsic evidence would demonstrate that the provision was an option, giving them unilateral power to compel Cheung to sell them the property. All parties agree that New Jersey law governs contract interpretation in this case. Accordingly, a contract must be "sufficiently definite," meaning "that the performance to be rendered by each party can be ascertained with reasonable certainty." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992). The contract language at issue states: "Option to renew for one year lease terms. Rent for second year shall be $2400.00. Option to buy. Right of first Refusal." We agree with the District Court in concluding that this language – which lacks *all* material terms – cannot be interpreted to give rise to an enforceable option to buy. By Plaintiffs' own admission, the terms of the option were vague and unspecified and needed to be negotiated. Defendants did not breach the lease agreement by refusing to sell the property to Plaintiffs.

Plaintiffs also object to the District Court's rulings regarding discovery. Plaintiffs argue that the District Court should have granted Plaintiffs' Rule 56(f) motion[3] requesting additional discovery, and also should have allowed Plaintiffs to finish deposing Defendants. "Our standard of review with regard to the district court's

---

[3] Plaintiffs filed their Rule 56(f) motion before amendments to Rule 56 took effect in 2010. As part of a general restyling of the Federal Rules of Civil Procedure, the language of Rule 56(f) was amended and incorporated into Rule 56(d). *See Pennsylvania Dep't of Public Welfare v. Sebelius*, 674 F.3d 139, 157 n.3 (3d Cir. 2012).

management of discovery is abuse of discretion." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000); *see also Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (reviewing a district court's decision to preclude further discovery in response to a summary judgment motion under an abuse of discretion standard). "[W]e will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982) (internal quotation marks and citation omitted). We conclude that the District Court did not abuse its discretion by denying Plaintiffs' Rule 56(f) motion or by refusing to extend deposition deadlines. Discovery was closed – with finality – by Magistrate Judge Shipp. As set forth in Magistrate Judge Shipp's order dated August 16, 2010, Plaintiffs repeatedly failed to meet discovery deadlines, disregarded court orders, and engaged in "the discovery game of hide and seek." (*See* Doc. No. 37.) Clearly, Plaintiffs can attribute any missing discovery only to their own neglect – the District Court gave them adequate opportunity to "obtain crucial evidence," and they have not demonstrated explicitly or implicitly that "more diligent discovery was impossible." *In re Fine Paper*, 685 F.2d at 818. It was not an abuse of discretion for the District Court to deny Plaintiffs' request.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for Defendants.