

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE

*Madsen, C.J.*
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Dec 22, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

STEPHEN FACISZEWSKI and
VIRGINIA L. KLAMON,

                    Respondents,

            v.

MICHAEL R. BROWN and JILL A.
WAHLEITHNER,

                    Petitioners.

NO. 92978-5

EN BANC

Filed DEC 22 2016

STEPHENS, J.—This case concerns provisions of Seattle's "Just Cause Eviction Ordinance," codified at Seattle Municipal Code 22.206.160(C). We must determine whether the court in an unlawful detainer action can consider evidence challenging just cause once the landlord files the certification allowed under Seattle Municipal Code 22.206.160(C)(4).

The court commissioner presiding over the show cause hearing in this case set the matter for trial after determining that there were issues of fact as to the landlords'

stated reason for the eviction. The King County Superior Court revised the commissioner's ruling, issued a writ of restitution restoring possession of the property to the landlords, and struck the trial date because "the statutory scheme does not require . . . a trial once [the landlord files a] statement under penalty of perjury." Verbatim Transcript of Proceedings (VTP) (Sept. 2, 2014) at 22-23. The Court of Appeals affirmed, reading the Just Cause Eviction Ordinance to provide only for posteviction remedies once the landlord files a certification with the city of Seattle (City). We reverse the Court of Appeals and remand to the superior court.

## FACTS AND PROCEDURAL HISTORY

Michael R. Brown and Jill A. Wahleithner (Tenants) received a notice of eviction from Stephen Faciszewski and Virginia L. Klamon (Landlords) invoking Seattle Municipal Code (SMC) 22.206.160(C)(1)(e). Clerk's Papers (CP) at 1, 2, 14. In accordance with that provision, the notice stated Landlords were terminating the tenancy because "[Landlords] seek to possess the Property so that at least one immediate family member (or, in the alternative, one of us) may occupy the [Seattle] Property as a principal residence." *Id.* at 22. Landlords subsequently clarified that Faciszewski's parents would be moving into the house so that Faciszewski could care for his ailing father. *Id.* at 45-46; VTP (Aug. 12, 2014) at 3. Following his father's

death, Faciszewski indicated that only his mother planned to move into the house. CP at 46.

Because of an earlier dispute, Tenants believed that Landlords' stated reason was a pretext. *Id.*[1] Tenants thus began researching Faciszewski's parents on the Internet. Tenants learned the following facts regarding Faciszewski's mother: (1) she owned a home in Colorado that was not listed for sale or for rent, *id.* at 46, 82-83; (2) she was scheduled to teach a class at a Colorado center in the fall, *id.* at 46, 72-73; (3) she volunteered at a Colorado hospital for many years and continued to do so, *id.* at 80-81; and (4) she had not informed the center or the hospital of any plans to move, *id.* at 46, 80-81. Citing this information, Tenants complained to the City, and in response Landlords filed with the City a certification of intent to carry out the stated reason. Because the certification provided that "[Faciszewski] *or/and* . . . his mother" would occupy the property, *id.* at 77 (emphasis added), Tenants continued to believe Landlords' stated reason was a pretext. Accordingly, Tenants refused to comply with the notice of eviction.

---

[1] Tenants had a parking dispute with a disabled neighbor regarding her ability to access her property. Landlords intervened and requested that Tenants not park on certain parts of the street. Landlords subsequently stated in an e-mail to Tenants that Tenants' refusal to comply with Landlords' request would "necessitate [l]ease non-renewal." CP at 15-16, 19.

Landlords subsequently brought an unlawful detainer action in King County Superior Court. Landlords asked the court to terminate the tenancy, enter a writ of restitution restoring Landlords to possession of the property, and award damages and reasonable attorney fees and costs. Landlords also moved the court for an order requiring Tenants to appear and show cause why a writ of restitution should not issue. In response, Tenants submitted four declarations supporting their claim that Landlords did not have just cause for the eviction as required by the Just Cause Eviction Ordinance (JCEO). Tenants also claimed that service of process and the contents of the eviction notice were insufficient.

At the show cause hearing, Tenants requested a trial on the issue of just cause. VTP (Aug. 12, 2014) at 6. The court commissioner concluded "that there are issues [as to the mother and as to the husband] that require more extensive time than we have here, so I will set the matter for trial." *Id.* at 7.

Pursuant to RCW 2.24.050, Landlords moved the superior court to revise the commissioner's ruling. On September 2, 2014, the court held a hearing on Landlords' motion. Tenants contended that Landlords had not met their burden of proving that just cause exists because Landlords submitted only the sworn certification of intent. Tenants requested that they be able to engage in more fact-finding, such as requiring declarations, depositions, or interrogatories. The court granted Landlords'

motion to revise, issued a writ of restitution, and struck the trial date. In so doing, the court stated, "[A]s I read 22.206.160, it ends with this statement under penalty of perjury. . . . [T]he statutory scheme does not require or even permit a trial once we have this statement under penalty of perjury." VTP (Sept. 2, 2014) at 22-23 (referring to SMC 22.206.160(C)(4). The superior court subsequently entered judgment against Tenants, awarded Landlords attorney fees and costs, and denied Tenants' motion for reconsideration.

Tenants appealed, and Division One of the Court of Appeals affirmed. It held that under the Seattle ordinance:

> If a tenant does not believe a landlord's stated reason for eviction, that tenant can file a complaint with the city. The tenant's disbelief, even if justified, does not provide a defense to an unlawful detainer action. Once the landlord files the proper certification with the city [pursuant to SMC 22.206.160(C)(4)], the tenant's remedy is limited to a private right of action [pursuant to SMC 22.206.160(C)(7)] if the landlord does not fulfill the stated reason for eviction.

*Faciszewski v. Brown*, 192 Wn. App. 441, 453-54, 367 P.3d 1085 (2016) (footnote omitted).

Tenants filed a petition for review in this court, challenging both this holding and the Court of Appeals' resolution of other issues. We granted review solely on the question of whether Tenants "were entitled to a trial on the just cause for the termination of the lease." Order, *Faciszewski v. Brown*, No. 92978-5 (Wash. Aug. 3, 2016).

ANALYSIS

In revising the commissioner's ruling,[2] the superior court interpreted the JCEO as requiring a finding of just cause (and thus not permitting a trial) once the landlord files a sworn certification of intent. VTP (Sept. 2, 2014) at 22-23. The superior court's interpretation of a statute involves a question of law, which we review de novo. *King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000).

I.    Background on Washington's Landlord-Tenant Law and Seattle's JCEO

Title 59 RCW sets out Washington's landlord-tenant law. Chapter 59.12 RCW governs unlawful detainer actions, while chapter 59.18 RCW, known as the Residential Landlord-Tenant Act of 1973 (RLTA), governs the rights and remedies of residential landlords and tenants.

"An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property." *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). The term "unlawful

---

[2] Commissioners' rulings are "subject to revision by the superior court." RCW 2.24.050. "On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). Once the superior court makes a decision on revision, the appeal is from that decision. *Id.* This court therefore reviews the superior court's ruling, not the commissioner's. *Id.*

detainer" is statutorily defined. *Id.* at 371. "A tenant of real property for a term less than life is guilty of unlawful detainer . . . [w]hen he or she holds over or continues in possession . . . of the property . . . after the expiration of the term." RCW 59.12.030(1); *see also* RCW 59.18.290(2) ("It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement."). To regain possession of the property, the landlord may file an unlawful detainer action against the tenant. RCW 59.12.070. Upon filing an unlawful detainer action, the landlord may request the court to issue a writ of restitution restoring the property to the landlord. RCW 59.12.090. For residential property, a landlord seeking a writ of restitution must request a show cause hearing. RCW 59.18.370.[3]

At the show cause hearing, the court must "examine the parties and witnesses orally to ascertain the merits of the complaint and answer." RCW 59.18.380. If the court determines that the landlord is entitled to possession of the property, the court "enter[s] an order directing the issuance of a writ of restitution." *Id.* Otherwise, the

---

[3] RCW 59.18.370 states that residential landlords "may" request a show cause hearing, but this provision has been interpreted as *requiring* residential landlords to afford tenants such a hearing. *See Indigo Real Estate Servs., Inc., v. Wadsworth*, 169 Wn. App. 412, 421, 280 P.3d 506 (2012). In addition to the RLTA, the JCEO provides that a show cause hearing is mandatory. SMC 22.206.160(C)(1) (a court may issue an order evicting a residential tenant "only after the tenant has an opportunity in a show cause hearing to contest the eviction").

court may deny the landlord's motion and "enter an order directing the parties to proceed to trial." *Id.* In making this determination, the court must decide whether "there is a substantial issue of material fact as to whether . . . the [landlord] is entitled to other relief as is prayed for in [the] complaint . . . or [whether] there is a genuine issue of a material fact pertaining to a legal or equitable defense." *Id.*[4]

At the center of this case are provisions of Seattle's JCEO. The JCEO provides:

> Pursuant to provisions of the state [RLTA] (RCW 59.18.290), owners[5] may not evict residential tenants without a court order, which can be issued by a court *only after the tenant has an opportunity in a show cause hearing to contest the eviction* (RCW 59.18.380). Owners of housing units shall not

---

[4] As the Northwest Justice Project's amicus brief explains, the show cause hearing has characteristics of both a preliminary injunction and a summary judgment proceeding. Br. of Amicus Curiae Nw. Justice Project at 12-14. *Compare* RCW 59.18.380 (at the show cause hearing, "[t]he court shall examine the parties and witnesses orally to *ascertain the merits* of the complaint and answer, and *if it shall appear that the [landlord] has the right to be restored to possession of the property* [on the merits], the court shall enter an order directing the issuance of a writ of restitution" (emphasis added)), *with Rabon v. City of Seattle*, 135 Wn.2d 278, 285, 957 P.2d 621 (1998) ("In deciding whether a party [seeking relief through a preliminary injunction] has a clear legal or equitable right, the court examines *the likelihood that the moving party will prevail on the merits*. An injunction will not be issued in a doubtful case." (emphasis added) (citations omitted)); *compare* RCW 59.18.380 (at the show cause hearing, "if it shall appear to the court that there is *no substantial issue of material fact* of the right of the [landlord] to be granted other relief . . . the court may enter an order and judgment" (emphasis added)), *with Dean v. Fishing Co. of Alaska, Inc.*, 177 Wn.2d 399, 405, 300 P.3d 815 (2013) ("Summary judgment is appropriate if 'there is no genuine issue as to any material fact' and 'the moving party is entitled to a judgment as a matter of law.'" (quoting CR 56(c))).

[5] In this context, "owner" is synonymous with "landlord." *See* RCW 59.18.030(14) (defining "landlord" as "the owner . . . of the dwelling unit"); SMC 22.204.160(D) (defining "owner" as "any person who . . . has title or interest in any building").

evict or attempt to evict any tenant, or otherwise terminate or attempt to terminate the tenancy of any tenant unless the owner *can prove in court that just cause exists.*

SMC 22.206.160(C)(1) (emphasis added). The JCEO provides an exclusive list of circumstances that constitute just cause. *Id.* One such circumstance is when

> [t]he owner seeks possession so that the owner or a member of his or her immediate family may occupy the unit as that person's principal residence . . . and the owner has given the tenant at least 90 days' advance written notice of the date the tenant's possession is to end. . . . "Immediate family" includes the owner's domestic partner[,] . . . spouse, parents, grandparents, children, brothers and sisters of the owner, of the owner's spouse, or of the owner's domestic partner.

*Id.* at (C)(1)(e).

If the tenant believes the landlord "does not intend to carry out the stated reason for eviction" and complains to the city director, the landlord must "complete and file with the Director a certification stating [his or her] intent to carry out the stated reason for the eviction." *Id.* at (C)(4). The JCEO further provides that "[t]he failure of the owner to complete and file such a certification after a complaint by the tenant shall be a defense for the tenant in an eviction action based on this ground." *Id.* The JCEO does not specifically address what effect the filing of a certification has on an unlawful detainer action. However, SMC 22.206.160(C)(5) provides, "In any action commenced to evict or to otherwise terminate the tenancy of any tenant,

it shall be a defense to the action that there was no just cause for such eviction or termination as provided in this Section 22.206.160."[6]

SMC 22.206.160(C)(6) makes it a violation of the JCEO for a landlord to seek to evict a tenant on one of the stated grounds for just cause "without fulfilling or carrying out the stated reason for or condition justifying the termination of such tenancy." The JCEO provides tenants with "a private right for action for damages up to $2,000, costs of suit, or arbitration and reasonable attorney's fees" for any such violation. *Id.* at (C)(7).

We must determine whether the landlord's certification of intent is dispositive on the issue of just cause in an unlawful detainer proceeding, thus leaving the tenant with only the posteviction remedies the JCEO provides.[7] We believe the JCEO

---

[6] Relying on this provision, Landlords argue that Tenants bear the burden of showing the lack of just cause for eviction as an affirmative defense. Suppl. Br. of Resp'ts at 8. Tenants counter that proof of just cause is part of Landlords' burden of proof at the show cause hearing, pointing to SMC 22.206.160(C)(1)'s language that the landlord "'shall not evict or attempt to evict any tenant . . . unless the owner can prove in court that just cause exists.'" Suppl. Br. of Pet'rs at 7 (alteration in original) (quoting SMC 22.206.160(C)(1). Resolution of this case does not depend on the burden of proof, as the sole question here concerns whether the court in an unlawful detainer action can even consider evidence relating to just cause once the landlord files the certification allowed under SMC 22.206.160(C)(4).

[7] We confine our review to interpreting the JCEO, as that is all the lower courts did. Although at oral argument Landlords contended that the Court of Appeals considered the substance of Tenants' evidence, their briefing suggests otherwise. *See* Suppl. Br. of Resp'ts at 9 (arguing to affirm the Court of Appeals because the JCEO provides the tenant with only two opportunities to challenge the landlord's reason for eviction: (1) the tenant may complain to the City, in which case the landlord must file a certification, and (2) the

operates in harmony with the RLTA and unlawful detainer procedures when SMC 22.206.160(C)(4) is read not to make the landlord's certification determinative of "just cause." The purpose of the JCEO is best served by reading the remedies provided when the landlord fails to fulfill or carry out the stated reason for eviction as nonexclusive. The City that enacted the JCEO reads it this way, and such a reading retains the integrity of both the unlawful detainer process and the ordinance.[8] We therefore reverse the lower courts' interpretation of the JCEO and remand to the superior court for further proceedings consistent with our interpretation of the ordinance.

II.     Seattle's JCEO Allows the Tenant To Challenge the Landlord's Certification of Just Cause in an Unlawful Detainer Proceeding

Few cases have discussed Seattle's JCEO. The parties direct us to *Housing Authority v. Silva*, 94 Wn. App. 731, 972 P.2d 952 (1999), but it does not address the issue in this case. Br. of Appellants at 31-32; Suppl. Br. of Resp'ts at 16. In *Silva*, the court held that the landlord did not have just cause under SMC

---

tenant may bring a private cause of action for damages against a landlord who fails to carry out the stated intent); *see also* Wash. Supreme Court oral argument, *Faciszewski v. Brown*, No. 92978-5 (Nov. 8, 2016), at 24 min., 37 sec., *recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org (acknowledging the statement in the Court of Appeals opinion that once the landlord's certification is filed, the tenant has only posteviction remedies, but arguing that statement does not reflect Landlords' position).

[8] In its amicus brief, the City describes the remedies provided in the JCEO as nonexclusive. Br. of Amicus Curiae City of Seattle at 7.

22.206.160(C)(1)(d) because the landlord provided the tenant with only two 10-day notices within a 12-month period, while the ordinance required three notices. *Silva*, 94 Wn. App. at 736. *Silva* demonstrates that tenants can use the landlord's lack of just cause as a defense in an eviction action. Beyond that, *Silva* does not help us resolve the issue in the present case.

Tenants also direct us to New Jersey cases interpreting a similar New Jersey state just cause eviction law. Pet. for Review at 11; Suppl. Br. of Pet'rs at 5-6. These cases are not particularly helpful. Tenants primarily rely on *Durruthy v. Brunert*, in which the court held that the owner of a building with two residential and two commercial units could invoke a provision of New Jersey's Anti-Eviction Act permitting the owner of a building "'of three residential units or less'" to evict a tenant upon a showing that the owner "'seeks to personally occupy a unit.'" 228 N.J. Super. 199, 200, 549 A.2d 456 (1988) (quoting N.J. STAT. ANN. 2A:18-61.1(*l*)(3)). *Durruthy* interprets the meaning of "building of three residential units or less," which has nothing to do with the issue in the present case. *See id.* at 201. The only relevant portion of the case states that "the record before [the court] does not justify" a finding that the owner intends to personally occupy the unit, as the testimony was incomplete and "neither the witnesses nor counsel focused on the factual question whether [the owners] had adequately proved their asserted *bona fide*

intention to occupy" the unit. *Id.* at 203. Although this language parallels the requirement under SMC 22.206.160(C)(1) that landlords must "prove in court that just cause exists," it does not address the main inquiry in this case: whether the landlord's certification under SMC 22.206.160(C)(4) is dispositive on the question of just cause. *Durruthy* is therefore not helpful.

Tenants also rely on *Hale v. Farrakhan*, 390 N.J. Super. 335, 915 A.2d 581 (2007). Suppl. Br. of Pet'rs at 6. In *Hale*, the court held that in a wrongful eviction action, the landlord has the burden of proving his failure to personally occupy the unit was not arbitrary. 390 N.J. Super. at 337. Because *Hale* concerned wrongful eviction actions brought by tenants, rather than unlawful detainer actions brought by landlords, the case is of limited usefulness. While *Hale* provides some insight as to why New Jersey state courts also place the burden of proof on the landlord in an unlawful detainer action, *id.* at 340-41, the issue in the present case does not concern who bears the burden of proof. Rather, this case concerns the ability of the tenant to present evidence rebutting the landlord's certification of intent.

Lastly, Tenants rely on *N'Jie v. Mei Cheung*, No. 09-919, 2011 WL 809990 (D.N.J. Mar. 1, 2011) (unpublished), *aff'd*, 504 F. App'x 108 (3d Cir. 2012). Suppl. Br. of Pet'rs at 6. In *N'Jie*, the court granted the landlords' motion for summary judgment regarding just cause for nonrenewal of a lease agreement. 2011 WL

809990, at *2-3. The court found that the landlords showed an "authentic, subjective intention to personally occupy" the unit. *Id.* at *3. Because the tenants merely disputed the landlords' reason for wanting to personally occupy the unit, rather than the landlords' actual intention to do so, the court found that the tenants failed to raise a genuine issue of material fact. *Id.* Although *N'Jie* suggests that the tenant may dispute the landlord's actual intentions before being evicted, the present case again involves a distinct issue. Accordingly, *N'Jie* does not guide us in resolving this case.

Given the limited guidance in case law on the issue presented in this case, our focus must be on reading the language of the ordinance in a commonsense manner. We carefully examine the text in light of the stated purpose of the JCEO, which is to "protect from eviction those tenants who may be subjected to misuse of those just causes." Seattle Ordinance 117942, at 3 (Dec. 14, 1995). Indeed, the text of the ordinance itself suggests that the city council intended to prevent "arbitrary eviction[s]." SMC 22.200.020(D). In this regard, the JCEO should be understood as remedial in nature. "'A remedial statute is one which relates to practice, procedures[,] and remedies.'" *Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 223-24, 173 P.3d 885 (2007) (quoting *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997) (plurality opinion)). "[W]e construe remedial statutes liberally in accordance with the legislative purpose behind them." *Jametsky v. Olsen*, 179

-14-

Wn.2d 756, 763, 317 P.3d 1003 (2014). "The same rules of construction apply to interpretations of municipal ordinances as to interpretations of state statutes." *City of Puyallup v. Pac. Nw. Bell Tel. Co.*, 98 Wn.2d 443, 448, 656 P.2d 1035 (1982). Because the JCEO is a remedial ordinance designed to prevent arbitrary evictions, we interpret it liberally to accomplish this purpose. *See Jametsky*, 179 Wn.2d at 763.[9]

SMC 22.206.160(C)(1) provides that a tenant cannot be evicted without having the opportunity for a show cause hearing. A show cause hearing must be meaningful, as it is the first (and sometimes the only) step of the eviction process in which the tenant is able to participate. *See, e.g., Leda v. Whisnand*, 150 Wn. App. 69, 83, 207 P.3d 468 (2009) (a tenant "subject to an action for unlawful detainer

---

[9] Landlords contend that courts should interpret the JCEO strictly in their favor. Resp. Br. at 9. They argue, "Just as the unlawful detainer act grants landlords an accelerated eviction process unknown at common law, the [JCEO] grants tenants additional procedural and substantive rights unknown at common law." *Id.* Because the unlawful detainer act is in derogation of the common law, it is strictly construed in favor of the tenant. *Id.* According to Landlords, it therefore follows that the JCEO, which is also in derogation of the common law, should be strictly construed in favor of the landlord. *Id.* at 10. While this argument has some logical appeal, it overlooks the fact that the proceeding at issue is actually an unlawful detainer action, not a special proceeding under the JCEO. Even if we agree that tenants must strictly comply with JCEO provisions (for example, by making a timely complaint to the director under subsection (C)(4), this does not lessen the burden on landlords to establish just cause for eviction. *Compare* RCW 59.18.200(1)(a) (requiring only that a residential landlord in Washington provide a tenant with 20 days' advance written notice), *with* SMC 22.206.160(C)(1) (requiring a residential landlord in Seattle to have "just cause" before evicting a tenant).

-15-

[must] be afforded 'a meaningful opportunity to be heard'" (quoting *Carlstrom v. Hanline*, 98 Wn. App. 780, 790, 990 P.2d 986 (2000))). The Court of Appeals acknowledged this point: "Although a show cause hearing is not the final determination of the rights of the parties in an unlawful detainer action, the trial court frequently decides the necessity of a trial at the hearing. As occurred here, *the show cause hearing often provides* the *only opportunity for a tenant to present any evidence.*" *Faciszewski*, 192 Wn. App. at 446 (emphasis added) (footnote omitted). At a show cause hearing, "[t]he court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer." RCW 59.18.380. The court may not "disregard evidence that credibly supports a legitimate defense." *Leda*, 150 Wn. App. at 81. Otherwise, RCW 59.18.380 would be rendered meaningless, "nothing more than a requirement that superior courts hold perfunctory and purposeless hearings on matters to be decided solely on the pleadings." *Id.* at 84.

In the context of the JCEO, a show cause hearing is not meaningful if it does not provide a tenant with the opportunity to contest the landlord's certification of just cause. The only opportunity to contest the certification appears to be at the show cause hearing, where a tenant has the "opportunity . . . to contest the eviction." SMC 22.206.160(C)(1). The JCEO does not specify what effect the filing of a certification has on the determination of just cause at a show cause hearing. Subsection (C)(4)

addresses only the effect of *not* filing a certification, providing that "[t]he failure of the [landlord] to complete and file such a certification after a complaint by the tenant shall be a defense for the tenant in an eviction action based on this ground." In the context of the JCEO as a whole, it seems unreasonable to infer that the certification is otherwise dispositive of the determination of just cause.

First, in contrast to other provisions of the ordinance, SMC 22.206.160(C)(4) does not delineate any adjudicatory authority of the director to make this determination. *See, e.g.*, SMC 22.206.235(A) (authorizing the director to "issue an order . . . containing the decision within fifteen (15) days of the date that the review [of a notice of violation] is completed"); *see also* SMC 22.206.280(F) ("The Director shall request in writing that the City Attorney take enforcement action."). This suggests that the director plays no role in determining the legitimacy of the landlord's certification, certainly not for purposes of an unlawful detainer action.

Second, although the JCEO provides tenants with posteviction remedies if the landlord does not follow through on the stated grounds for eviction, nothing in the JCEO suggests that the city council intended the landlord's certification to prevent the tenant from taking advantage of *preeviction* remedies. The City describes its ordinance as follows: The JCEO "provides that an owner's failure to make a requested certification is a defense to eviction . . . . [It] goes no further. It does not

stop a tenant from rebutting a certification in an unlawful detainer action." Br. of Amicus Curiae City of Seattle at 3. Rather, "the purpose of a *pre*-eviction certification is to help assure—not conclusively prove—that the owner's claimed cause actually exists." *Id.* at 10. As Tenants correctly note, "[I]n an unlawful detainer action, what happens *after* the tenant has been evicted is not the issue." Reply Br. of Appellants at 18-19 (emphasis added). Given that the remedy under SMC 22.206.160(C)(4) was intended to ensure that "the invoked causes actually exist," Seattle Ordinance 117942, at 3, and that nothing in SMC 22.206.160(C)(4) prevents the tenant from contesting the eviction in a show cause hearing *before* the eviction, a reasonable reading is that the tenant must have the opportunity to contest the veracity of the landlord's certification at the show cause hearing.[10]

While the remedies under the JCEO provide an incentive for landlords to act fairly, nothing in the JCEO suggests that posteviction remedies are a tenant's exclusive remedy once the landlord files a certification. Given that the JCEO is more protective of tenants than is state law, it would seem odd that the ordinance

---

[10] This interpretation of the JCEO does not undermine the summary nature of unlawful detainer proceedings. *See* Amicus Curiae Mem. of Rental Hous. Ass'n of Wash. at 8 (noting that show cause hearings are "designed to be more efficient than trials"); *see also Christensen*, 162 Wn.2d at 375-76 (the purpose of the unlawful detainer statute "is to provide a landlord with a speedy, efficient procedure by which to obtain possession of the premises after a breach by the tenant"). It simply recognizes that the JCEO does not fundamentally alter such proceedings.

would leave a tenant with a lesser ability to defend against an unlawful detainer when a landlord files a certification. Moreover, the remedy provisions of SMC 22.206.160(C)(6) and (7) do not rest on whether the landlord can prove just cause in an action to terminate a tenancy. Instead, they provide a separate cause of action if, after an eviction or attempted eviction on certain grounds, the landlord does not *fulfill or carry out the stated reason*. With respect to the eviction action itself, two provisions of the JCEO clearly provide that the landlord must have just cause, SMC 22.206.160(C)(1), and that the lack of just cause can be raised by the tenant defending against the action, SMC 22.206.160(C)(5).

We hold that Seattle's JCEO does not restrict the tenant's opportunity to contest the truthfulness of the landlord's certification at an unlawful detainer show cause hearing. It follows that a judicial officer at the show cause hearing may accept relevant evidence of just cause and the landlord's certification is not dispositive. The lower courts erred by refusing to consider the evidence Tenants presented on the issue of just cause and relying solely on Landlords' certification.

III.     Attorney Fees

Landlords request attorney fees pursuant to RAP 18.1. Suppl. Br. of Resp'ts at 19. The RLTA provides that "the prevailing party [in an unlawful detainer action regarding a holdover tenant] may recover his or her costs of suit . . . and reasonable

attorney's fees." RCW 59.18.290(2). Both the superior court and the Court of Appeals awarded attorney fees to Landlords under the RLTA. CP at 245; *Faciszewski*, 192 Wn. App. at 455.[11] Landlords do not prevail under our interpretation of the JCEO, and we thus deny their request and reverse the award of fees below.

Tenants also request attorney fees pursuant to RAP 18.1. Pet. for Review at 20. That rule requires the party to "devote a section of its opening brief to the request for the fees," providing that "[r]equests made at the Court of Appeals will be considered as continuing requests at" this court. RAP 18.1(b). Although Tenants requested attorney fees only in their petition for review in this court, they requested fees in their opening brief at the Court of Appeals. Br. of Appellants at 37-38. Accordingly, we treat Tenants' request for fees under RCW 59.18.290(2) as continuing. *See* RAP 18.1(b). Because Tenants prevail in this court, they are entitled

---

[11] While the Court of Appeals awarded fees pursuant to RCW 59.18.290(2), it is unclear which provision the superior court relied on. Landlords cited to RCW 59.18.410 at the superior court, CP at 263, and again cite to that provision in their briefing, Suppl. Br. of Resp'ts at 19. RCW 59.18.410 provides, "If upon the trial the verdict of the jury or, if the case be tried without a jury, the finding of the court be in favor of the [landlord] . . . the court may award statutory costs and reasonable attorney's fees." That provision further states, "This section also applies if the writ of restitution is issued pursuant to a final judgment entered after a show cause hearing conducted in accordance with RCW 59.18.380." Both provisions appear to support an award of attorney fees to the prevailing landlord.

to attorney fees and we remand to the superior court to determine the amount of fees and expenses to be awarded to Tenants. *See, e.g., Humphrey Indus., Ltd. v. Clay St. Assocs., LLC*, 176 Wn.2d 662, 677, 295 P.3d 231 (2013) (reversing the trial court's award of fees); *see also* RAP 18.1(i); RCW 59.18.290(2).

## CONCLUSION

We reverse the Court of Appeals and remand to the superior court for further proceedings consistent with our interpretation of the JCEO. That the purpose of the JCEO is to prevent arbitrary evictions and provide tenants with more protections than under state law suggests that the tenant's posteviction remedies are not exclusive once the landlord files a certification. Nothing in the JCEO itself prevents the tenant from challenging the landlord's certification. Rather, the JCEO expressly requires that the tenant have the opportunity to contest the eviction at the show cause hearing. We hold that such an opportunity includes contesting the landlord's certification of intent.

_____
Stephens, J.

WE CONCUR:

_____
Madsen, C.J.

_____
Johnson, J.

_____
Owens, J.

_____
Fairhurst, J.

_____
Wiggins, J.

_____
González, J.

_____
Gordon McCloud, J.

_____
Yu, J.