# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MISSION REALTY, LLC, a Washington limited liability company,<br><br>                Respondent,<br><br>          v.<br><br>CHRIS COLEMAN,<br><br>                Appellant. | No. 77444-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 14, 2019 |

MANN, A.C.J. — Chris Coleman appeals the judgment and writ of restitution in an unlawful detainer action. Because Coleman fails to demonstrate error, we affirm.

I

On September 8, 2016, Coleman signed a lease to rent a house in Ferndale, Washington from Sheri Culley. The lease provided for monthly rent of $1600, due on the first day of the month, and late fees of $25 for rent payments received after the fifth day of the month. The lease also provided that Culley would "[i]mmediately notify Tenant…of any changes as to the person or address of Landlord." The lease term ended on September 30, 2017.

On July 28, 2017, Culley entered into an agreement with Mission Realty, a property management company, to manage the Ferndale property. The agreement

provided that Mission Realty would be responsible for collecting rent from Culley's tenants.

Culley's husband informed Coleman via text message that Mission Realty would be responsible for managing the Ferndale property. The following day, Coleman sent a letter to Culley acknowledging that she received the text message and expressing her dissatisfaction with the use of a property management company. Jennifer Perry, the owner of Mission Realty, both mailed and hand-delivered a letter to the Ferndale property notifying Coleman of Mission Realty's role, providing her contact information and informing Coleman to begin paying her rent to Mission Realty.

Coleman did not pay rent on August 1, 2017 or anytime thereafter. On August 7, Mission Realty sent Coleman a delinquency notice and informed her that failure to pay the rent and late fees "may lead to eviction proceedings." On August 16, Mission Realty served Coleman with a three-day notice to pay rent or vacate. The notice was posted conspicuously at the Ferndale property and a copy was sent to Coleman via first-class mail. On August 25, Mission Realty filed an unlawful detainer action against Coleman, alleging that Coleman had failed to pay rent or late fees since August 1.

A show cause hearing was held on September 15. Appearing pro se, Coleman contended that she mailed a check for the August rent to Culley's address, but did not have a receipt. Coleman also claimed that she had not received any letters from Culley or Mission Realty regarding the appointment of a property management company. In a written response to the complaint, Coleman also asserted various affirmative defenses that she claimed excused her from the duty to pay rent, including retaliatory eviction,

2

harassment, an injury she sustained on the property, and Culley's failure to make necessary repairs.

Because Mission Realty identified a scrivener's error in the complaint, the trial court indicated that it would continue the show cause hearing.[1] The following exchange took place:

> MISSION REALTY'S ATTORNEY: It's my understanding you are not available next Friday the 22nd but you are on the bench on September 29th?
>
> THE COURT: Yes. If you want to do it next Friday, it can be any available courtroom. It doesn't matter.
>
> MISSION REALTY'S ATTORNEY: Thank you, Your Honor.
>
> THE COURT: I haven't made any specific rulings on facts. It can go anywhere.
>
> MISSION REALTY'S ATTORNEY: Thank you, Your Honor.
>
> COLEMAN: I'll be moving.
>
> THE COURT: Pardon?
>
> COLEMAN: I'll be moving.
>
> THE COURT: Okay.
>
> (Hearing is adjourned.)

On September 20, Mission Realty re-noted the show cause hearing for September 29. The same day, Mission Realty sent a copy of the calendar note to Coleman at the Ferndale property address via first-class and certified mail.

---

[1] The trial court also noted that it had not timely received Coleman's written response to the complaint.

On September 27, Coleman filed a notice of unavailability. Coleman's notice of unavailability stated that she had vacated the property on September 22 and was "staying with friends out of state until she finds a permanent residence." Coleman stated that she was "unavailable to receive service or make appearances until she finds a permanent residence."

Coleman did not appear at the show cause hearing on September 29. Mission Realty's attorney informed the court that Coleman was "attempting or in the process of vacating the premises." It does not appear from the record that either the trial court or Mission Realty's attorney had received a copy of Coleman's notice of unavailability. The trial court entered an order directing the issuance of a writ of restitution, and entered a judgment in favor of Mission Realty in the amount of $1625.00 for rent and late fees. The trial court also ordered Coleman to pay attorney fees and costs in the amount of $2781.50. Coleman appeals.

II

"An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property." Christensen v. Ellsworth, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). Upon filing an unlawful detainer action, a landlord may request the court to issue a writ of restitution restoring the property to the landlord. RCW 59.12.090.

For residential property, a landlord seeking a writ of restitution must set a show cause hearing. RCW 59.18.370; Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016). At the show cause hearing, the trial court must "examine the parties and witnesses orally to ascertain the merits of the complaint and answer." RCW 59.18.380.

4

If the trial court determines that the landlord is entitled to possession of the property, the trial court "enter[s] an order directing the issuance of a writ of restitution." RCW 59.18.380. In making this determination, the court must decide whether "there is a substantial issue of material fact as to whether . . . the [landlord] is entitled to other relief as is prayed for in [the] complaint . . . or [whether] there is a genuine issue of a material fact pertaining to a legal or equitable defense." RCW 59.18.380.

Coleman first contends that the trial court erred in entering the judgment and writ of restitution because Mission Realty was not the landlord and therefore had no right to possession of the property. But the Residential Landlord Tenant Act defines a "landlord" as the owner <u>or</u> any person designated as a representative of the owner, including an agent or property manager.

> "Landlord" means the owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as representative of the owner, lessor, or sublessor including, but not limited to, an agent, a resident manager, or a designated property manager.

RCW 59.18.030(14). Thus, Mission Realty had the authority to bring this unlawful detainer action on behalf of Culley.[2]

Coleman next contends that the trial court lacked jurisdiction to direct the issuance of a writ because she had vacated the property by the date of the show cause hearing. "Prior to entering judgment in an unlawful detainer action . . . the court must make a threshold determination of whether or not the defendant is in possession of the subject premises. If he is not, then possession is not in issue and the court is

---

[2] For the same reason, Coleman's claim that Mission Realty lacked standing to sue because it was not the real party in interest is without merit.

5

consequently without jurisdiction to hear the action." Brickum Inv. Co. v. Vernham Corp., 46 Wn. App. 517, 521, 731 P.2d 533 (1987).

However, Coleman fails to show that the evidence she had vacated the property was properly before the trial court. At the show cause hearing on September 15, the trial court offered the parties one of two possible dates for a continuance: September 22 or September 29. Coleman stated "I'll be moving." But Coleman did not elaborate further on her plans to vacate the property. And while Coleman asserted in her notice of unavailability that she had vacated the property on September 22, neither the trial court nor Mission Realty's attorney appeared to have received a copy of it. Nor was Coleman's notice of unavailability in the form of an affidavit under penalty of perjury. See Leda v. Whisnand, 150 Wn. App. 69, 82, 207 P.3d 468 (2009) (unsworn testimony is inadmissible at an unlawful detainer show cause hearing).

Coleman argues that she did not receive a three-day notice to pay rent or vacate, nor did she receive notice "that a new landlord was in effect." The record, which clearly shows that Coleman received both of these notices, contradicts this claim.

Coleman additionally contends that she did not receive notice of the September 29 hearing. But Coleman did not inform Mission Realty prior to the hearing that she was moving.[3] And once Coleman filed her notice of unavailability, she refused to provide a forwarding address at which she could receive notice.[4]

---

[3] Citing RCW 4.28.180, Coleman contends that she was entitled to "a minimum of 60 days to appear and answer." But RCW 4.28.180 governs service of a summons and complaint. Civil Rule (CR) 5(a) governs service of "every pleading subsequent to the original complaint." And CR 5(b)(1) provides that service of motions on a party "shall be made by delivering a copy to the party or the party's attorney or by mailing it to the party or the attorney's at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve."

[4] Whatcom County Local Civil Rule 10.2(f) provides that "[a] party appearing pro se shall state on court papers filed by him or her, the telephone number, mailing address, and street address where service of process may be made upon such pro se party."

Coleman argues that the trial court erred in issuing the writ of restitution because she sent Culley a check for the August rent.[5] In support of this claim, Coleman points to a copy of a delivery notice for a piece of certified mail delivered to Culley, which she claims was the August rent check. But Coleman provides no evidence of the actual check. And elsewhere in her briefing Coleman contended that a delivery notice with the same tracking number was proof of delivery of a July 31 letter to Culley in which Coleman contended she had the right to deduct repair costs from her rent.

Coleman contends that the trial court erred in failing to consider her defenses to the complaint. When a tenant's breach is the failure to pay rent, the only defense permitted is "whether there is any legal justification for nonpayment." Josephinium Assocs. v. Kahli, 111 Wn. App. 617, 625, 45 P.3d 627 (2002). The trial court properly disregarded Coleman's retaliatory eviction claim because retaliatory eviction can be asserted as a defense only if the tenant is not "otherwise in breach of the lease agreement." Port of Longview v. Int'l Raw Materials, Ltd., 96 Wn. App. 431, 437-38, 979 P.2d 917 (1999). Coleman's claims of injury and harassment do not present a legal justification for nonpayment. And, to the extent that a tenant's repairs justify nonpayment of rent, Coleman's bare assertions in this regard fail to establish a genuine issue of material fact.

---

[5] In the alternative, Coleman claims, she was entitled to apply the prepaid last months' rent as an offset for any amount due for August. But because Coleman's lease term did not end until September 30, she was not entitled to apply the prepaid rent to August.

7

Coleman asserts that the trial court erred in failing to impose sanctions against Mission Realty for filing a frivolous complaint. Because Coleman did not move for sanctions below, there was no error.[6]

Both parties request attorney fees on appeal. Under RAP 18.1, a party on appeal is entitled to attorney fees where applicable law authorizes the award. RCW 59.18.290(2) provides for an award of attorney fees to the prevailing party in an unlawful detainer action. As the prevailing party, Mission Realty is entitled to an award of attorney fees on appeal, subject to compliance with RAP 18.1. We deny Coleman's request for fees.

_Mann, -ACJ_

WE CONCUR:

_Chun, J._          _Andrus, J._

---

[6] Coleman's assertions that the trial judge was biased or tampered with the verbatim report of proceedings are unsupported by the record.