IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LANETTE HABETS and ANN ASKREN, a married couple, | No. 86855-1-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BRITTANY ASKREN; and all occupants of 15 Murray Place, Trailer #111, Elma, WA, 98541, | |
| Appellant. | |

HAZELRIGG, A.C.J. — Brittany Askren appeals from a judgment for unlawful detainer and writ of restitution after she was evicted from the mobile home where she had resided for several years without a formal rental agreement. She asserts she was a tenant-at-will and, as such, could only be removed through ejectment. Despite the fact that she vacated the mobile home in October 2023, Askren argues reversal is required. However, she fails to apply the proper appellate standard given the manner by which she pursued her appeal. Accordingly, we affirm, but remand for the trial court to issue an order of limited dissemination.

FACTS

Brittany Askren had been living in a mobile home owned by her stepmother, Lanette Habets, and mother, Ann Askren, (collectively, Habets) for several years, without a rental agreement or payment of rent to Habets. Absent a formal rental agreement, the characterization of the arrangement between the parties was

disputed. Askren had a lease agreement with the owners of the mobile home park for the space where the mobile home was located and was solely responsible for those rental payments. In May 2023, Habets served Askren a written 90-day notice to vacate based on Habets' intent to sell the dwelling as authorized by RCW 59.18.650(2)(e); this notice complied with the form specified by RCW 59.18.365.

Askren did not vacate the mobile home and, in September 2023, Habets filed a complaint for unlawful detainer pursuant to RCW 59.12.030. Askren disputed the eviction on the basis that she was a tenant-at-will, as opposed to a tenant as defined in the Residential Landlord-Tenant Act of 1973[1] (RLTA), and argued she could only be removed through ejectment. Askren moved for dismissal of the unlawful detainer complaint as improperly pleaded. The parties appeared before a superior court commissioner on October 9, 2023. The commissioner found that when Askren refused to vacate within the time set out in the notice, she became a trespasser and, thus, the unlawful detainer statute was applicable. The court then issued an order and writ of restitution in favor of Habets. Askren moved for revision and a stay, which were both denied by the reviewing superior court judge. Askren vacated the mobile home as of October 26, 2023.

Askren timely appealed.

ANALYSIS

I.    Mootness

As a preliminary matter, Habets' response brief includes a motion to dismiss this appeal as moot because Askren has long-since vacated the dwelling, is not

---

[1] Chapter 59.18 RCW.

asking for possession of the mobile home to be returned to her and there is no money judgment entered against Askren that could be reversed. Accordingly, Habets asserts this court cannot grant Askren any relief. However, Askren argues in her reply brief that the case is not moot because it presents issues of public concern. More critically, Askren's appeal not only seeks reversal of the underlying proceedings, but also an order for limited dissemination.

"'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.'" *Josephinium Assoc. v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting *Snohomish County v. State,* 69 Wn. App. 655, 660, 850 P.2d 546 (1993)). We have previously considered mootness in the context of an order for limited dissemination in *Seattle's Union Gospel Mission v. Bauer*, 22 Wn. App. 2d 934, 514 P.3d 710 (2022). An order for limited dissemination prohibits agencies that screen tenants from mentioning the existence of an unlawful detainer action when reporting on a tenant's history. RCW 59.18.367(3). Crucially, an order for limited dissemination prevents screening reports from even mentioning the existence of an action, regardless of the outcome of that action, because past eviction lawsuits can create significant boundaries to securing housing. We could "provide effective relief" as to Askren's request for an order for limited dissemination, irrespective of the reversal she seeks, which could positively impact her ability to obtain housing in the future. Thus, Habets' motion to dismiss the case as moot is denied.

II.     Appeal after Denial of Revision

Askren's appeal rests entirely on her assertion that this court must reverse the orders entered by the superior court commissioner because Habets should have brought an ejectment action to remove her since Askren was not a tenant for purposes of the RLTA.  However, in her notice of appeal, she designates not only the commissioner's order for a writ of restitution and the judgment on unlawful detainer, but also the superior court's order denying her motion for revision.  This fundamentally shifts the procedural posture of the appeal and guides our standard of review; a fact which neither party addresses in briefing.  In *Faciszewski v. Brown*, our Supreme Court made clear that "[o]nce the superior court makes a decision on revision, the appeal is from *that decision*."  187 Wn.2d 308, 313 n.2, 386 P.3d 711 (2016) (emphasis added).

We apply an abuse of discretion standard when reviewing a ruling on a motion for revision to determine whether the court's decision rests on "untenable grounds or [was reached] for untenable reasons, or if its decision was reached by applying the wrong legal standard."  *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).  Where a superior court judge has denied a motion for revision, such a decision "constitutes an adoption of the commissioner's decision" and "this court reviews the superior court's ruling and not the commissioner's."  *Id*.; *see also* RCW 2.24.050.  Accordingly, the order and writ entered by the commissioner are outside the scope of this review and we constrain our review to whether the trial court judge abused his discretion in denying revision.  *In re*

*Receivership of Applied Restoration, Inc.*, 28 Wn. App. 2d 881, 889-90, 539 P.3d 837 (2023), *review denied*, 3 Wn.3d 1012 (2024).

Askren contends this court should consider the determinations made in the writ and judgment under a de novo review standard. Despite designating the denial of revision in her notice of appeal, she does not acknowledge the impact of that approach on her core legal challenge and fails to engage with the abuse of discretion standard that applies to the trial court's order. As the appellant, it is Askren's burden to demonstrate error, but she provides no argument as to why the trial court's denial of her motion for revision was reached on "untenable grounds or for untenable reasons." *Maldonado*, 197 Wn. App. at 789. Askren has failed to demonstrate error under the applicable standard for her appeal.

III.    Order for Limited Dissemination

Askren expressly requested an order of limited dissemination in the conclusion section of her motion for revision. However, the court failed to specifically rule on that particular request for relief in its sparse order denying revision. Accordingly, we consider the blanket denial of Askren's motion to include a tacit rejection of her request for an order of limited dissemination. "Because the court 'may' enter an order for limited dissemination, we review the court's decision whether to do so for an abuse of discretion." *Seattle Union Gospel Mission*, 22 Wn. App. 2d at 938 (quoting *Mainline Rock & Ballast, Inc v. Barnes, Inc.,* 8 Wn. App. 2d 621, 625, 439 P.3d 676 (2019)). "'A trial court abuses its discretion when its decision is based on untenable grounds or for untenable reasons.'" *Umpqua*

*Bank v Hamilton*, 13 Wn. App. 2d 564, 568, 464 P.3d 1201 (2020) (quoting *Shandola v. Henry*, 198 Wn. App. 889, 896, 396 P.3d 395 (2017)).

In *Housing Authority of Grant County v. Parker*, Division Three of this court held that the purpose of an order of limited dissemination is to restrict "the automatic dissemination of misleading, inaccurate, or incomplete information about unlawful detainer proceedings." 28 Wn. App. 2d 335, 343, 535 P.3d 516 (2023). In that case, we considered the "other good cause" grounds in RCW 59.18.367(1)(c) and held that issuance of an order of limited dissemination was proper upon "a judicial finding of good cause to believe that a prior eviction does not fairly reflect the risk a prior tenant poses to future landlords." *Id.* at 343-44. This court further held that "a court may find good cause even if the prior eviction was lawful and the tenancy has not been reinstated." *Id.* at 344.

Here, the conflict arose from what Askren may well have perceived as a family dispute; the record suggests she was upset by the fact that she and her children would be removed from the mobile home so that her mother and stepmother could sell it to her brother. Further, there is no indication that Askren damaged the mobile home or defaulted on her rental payments to the owners of the mobile home park. Finally, her argument in the trial court and on appeal that the cause of action pursued was not applicable to her, while not properly framed for appeal, was not meritless. Accordingly, we conclude that there is good cause to believe that Askren's eviction under these circumstances does not reflect a risk to future landlords and the trial court abused its discretion when it denied her

additional requested relief in her motion for revision. As such, we remand for the court to enter an order of limited dissemination.

IV.    Attorney Fees and Costs

Askren seeks attorney fees and costs from the appeal relying on RAP 18.1. Despite her insistence in the trial court and on appeal that the RLTA did not apply to her and that Habets should have brought an action for ejectment, Askren also roots her fee request in provisions of the RLTA that permit a discretionary award to a prevailing tenant and, in the alternative, that mandate an award to the tenant if they have been wrongfully removed. RCW 59.18.290(1),.650(4). Habets also seeks attorney fees, citing RCW 59.18.290(3), which permits a discretionary award of fees to a landlord whose possession has been restored. Considering the equities and the scope of our discretion under the RLTA, we decline to award fees to either party.

Affirmed and remanded for entry of an order for limited dissemination.

_____

WE CONCUR:

_____        _____
Chung, J.                  Coburn, J.