**FILED**
**APRIL 17, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Domestic Violence Protection Order for | ) ) ) | No. 40696-2-III |
| TAYLOR McAVOY. | ) ) ) ) | UNPUBLISHED OPINION |

LAWRENCE-BERREY, C.J. — Taylor McAvoy appeals after the superior court granted revision of a commissioner's order that had granted her petition for a domestic violence protection order (DVPO). We review the superior court's denial of a DVPO for an abuse of discretion. We find no abuse of discretion and affirm.

## FACTS

Taylor McAvoy and Alexander Sieg had a romantic relationship for over one year, but an intimate misunderstanding led to McAvoy losing trust with Sieg. As the relationship unraveled, various requests were made, including to return gifts and personal items. The loss of trust felt by McAvoy increased, and she perceived Sieg as becoming controlling. As a result, she petitioned for a DVPO.

A court commissioner heard and granted McAvoy's petition. Sieg moved for revision, and the superior court granted his motion. In its ruling, the court agreed with McAvoy's earlier description of the dispute as "he said/she said," and found that

No. 40696-2-III
*In re Domestic Violence Protection Order*

McAvoy had not met her burden of proof. Report of Proceedings (RP) (Aug. 29, 2024) at 21-22.[1]

McAvoy appeals.

ANALYSIS

REVISION MOTION AND PROTECTION ORDER

RCW 2.24.050 states that "[a]ll of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court."

> While revision is much like an appeal, under RCW 2.24.050 and the developed case law the superior court judge is not required to defer to the fact-finding discretion of the commissioner like we defer to the superior court's exercise of fact-finding discretion on appeal. A revision court may, based upon an independent review of the record, redetermine both the facts and legal conclusions drawn from the facts. Thus, the superior court on revision may review factual determinations for substantial evidence, but is not limited to a substantial evidence inquiry under RCW 2.24.050.

*In re Marriage of Dodd*, 120 Wn. App. 638, 645, 86 P.3d 801 (2004) (citations omitted).

On appeal, we review the superior court's ruling, not the commissioner's. *Faciszewski v. Brown*, 187 Wn.2d 308, 313 n.2, 386 P.3d 711 (2016).

Our review does not look to whether we would have come to the same conclusion as the superior court. Rather, we review the court's decision to grant or deny a DVPO for

---

[1] The intimate details of the misunderstanding are omitted from our statement of facts because even an unpublished opinion is a public record, and we believe that decorum and respect for the parties requires this.

abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect legal standard or the facts do not meet the requirements of the correct standard." *Id.* at 47.

RCW 7.105.225 provides in relevant part that:

> (1) The court shall issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved . . . .
> (a) For a domestic violence protection order, that the petitioner has been subjected to domestic violence by the respondent.
> . . . .
> (3) In proceedings where the petitioner alleges that the respondent engaged in nonconsensual sexual conduct or nonconsensual sexual penetration, the court shall not require proof of physical injury on the person of the petitioner or any other forensic evidence. Denial of a remedy to the petitioner may not be based, in whole or in part, on evidence that:
> . . . .
> (c) The petitioner engaged in limited consensual sexual touching.

"Domestic violence" in this context is defined in relevant part as "nonconsensual sexual conduct or nonconsensual sexual penetration; [or] coercive control." RCW 7.105.010(9)(a). "Sexual penetration" in this context is defined as "any contact,

however slight, between the sex organ or anus of one person by an object, the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person . . . into the sex organ or anus of another person." RCW 7.105.010(33). "Consent" means "at the time of sexual contact, there are actual words or conduct indicating freely given agreement to that sexual contact. Consent must be ongoing and may be revoked at any time. Conduct short of voluntary agreement does not constitute consent as a matter of law." RCW 7.105.010(5).

The superior court was presented with two different versions of the intimate misunderstanding. Both parties presented some corroborating evidence for their version of events. But there is no indication that the revising court misunderstood the law or applied the wrong legal standards in this case. So our role is limited to determining whether the court's decision was within the range of acceptable choices, given the evidence before it.

The court found the evidence to be equally strong on both sides and agreed the evidence was a "he said/she said type of thing," stating, "I'm faced with those differing versions of these events, and I cannot find that that is proof by a preponderance of the evidence." RP (Aug. 29, 2024) at 21-22. This finding was within the range of acceptable choices for the revision court, given that the two versions of events were equally plausible. We conclude that the superior court did not abuse its discretion by granting

4

revision and denying McAvoy's petition for a DVPO.

PROCEDURAL ISSUES[2]

McAvoy raises various procedural challenges. We address each in turn.

McAvoy first contends she was never served with a copy of the transcript of the hearing before the commissioner after Sieg filed his motion for revision. Thurston County Local Rule 53.2(e)(3)(A) requires the party moving for revision to provide a transcript of the hearing before the commissioner to the *court* but it contains no requirement that the other party needs to be similarly served.

McAvoy next contends Sieg improperly served her with court documents by e-mail when she should have been served by a third party. But, in a pleading, McAvoy agreed to accept legal papers by e-mail and did not provide a street address or post office box where she could have accepted legal papers.

McAvoy further contends the revision hearing was untimely because, although there was good cause to continue it, no one filed a motion to continue. CR 1 states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Here, the local superior court judges recused themselves, due to Sieg's work before them, and there was delay obtaining a visiting judge to hear the

---

[2] Although not in her assignments of error, McAvoy raises issues related to superior court procedure as applied to her case. We address the arguments because the issues are sufficiently briefed.

No. 40696-2-III
*In re Domestic Violence Protection Order*

revision motion. The delay is understandable and, in such a case, we will not place procedure over substance to overturn a result fairly reached.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Murphy, J.