[No. 18462–8–I.  Division One.  August 31, 1987.]

SAVINGS BANK OF PUGET SOUND, *Respondent,* v. JULIUS A. MINK, *Appellant.*

---

*Julius A. Mink,* pro se.

*William R. Hickman, J. Christopher Marsh, Heather Houston Reeve,* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent.

GROSSE, J.—Julius A. Mink appeals the trial court's order of summary judgment in an unlawful detainer action entered against him on April 22, 1986. We affirm.[1]

In 1978, Mink and Virginia Hadley conveyed a deed of trust to secure a loan of $54,000 to Puget Sound Mutual Savings Bank (now known as Savings Bank of Puget Sound, hereinafter Bank). Originally, Pioneer National Title Insurance Company (now known as Ticor Title Insurance Company) served as trustee for the loan. On October 23, 1985, Pioneer National Title resigned as trustee and RMMTM Corporation[2] became the successor trustee. Mink and Virginia Hadley defaulted on the loan in May 1985. As a result of the default the Bank, through its counsel, the law firm of Reed, McClure, Moceri, Thonn & Moriarty (hereinafter Reed McClure), sent a notice of default dated August 30, 1985. The default was not cured and pursuant to RCW 61.24 nonjudicial foreclosure proceedings were commenced. All the required notices of default, foreclosure, and of the trustee's sale were properly served, published,

---

[1]Mink is appearing pro se. Virginia Hadley Mink, codefendant, has not appealed the summary judgment against her. Therefore, this appeal only relates to Julius A. Mink. *Washington State Bar Ass'n v. Great Western Union Fed. Sav. & Loan Ass'n,* 91 Wn.2d 48, 586 P.2d 870 (1978).

[2]RMMTM Corporation, trustee, is a wholly owned subsidiary of the professional service corporation Reed, McClure, Moceri, Thonn & Moriarty. The professional service corporation is counsel for the Bank. Mink's arguments treat the two entities as one and the same. For purposes of our decision we do not find it necessary to deal with the distinctions, if any. Therefore, a reference to one should be considered a reference to the other.

and/or posted. On January 28, 1986, Mink served a notice stating that the subject property was not for sale and alleging a violation of the trustee's duties due to a conflict of interest.

The trustee's sale was held January 31, 1986, the Bank was the sole bidder, and the final purchase price was $52,882.85. The trustee's deed was filed February 4, 1986. On March 7, 1986, the Bank filed a complaint for unlawful detainer. Mink appeared pro se and filed an answer and counterclaim. The trial court granted the Bank's motion for summary judgment on the unlawful detainer, dismissed Mink's counterclaims and defenses, and denied his motions to join indispensable parties and to dismiss.

The principal issue presented on this appeal is whether or not a formal notice to quit is required as a jurisdictional prerequisite to the unlawful detainer action. We hold that a formal notice to quit is not required.

RCW 61.24.060 provides in part:

> The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the grantor under the deed of trust . . . and shall have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.

Under RCW 59.12, the unlawful detainer statute, notice to quit the premises, where required, is a jurisdictional prerequisite. *Kessler v. Nielsen,* 3 Wn. App. 120, 123, 472 P.2d 616 (1970). As stated in *Turner v. White,* 20 Wn. App. 290, 291–92, 579 P.2d 410 (1978):

> RCW 59.12.030 consists of six separate sections, outlining different circumstances under which a tenant may be guilty of unlawful detainer. They include the following situations:
>
> (a) Holding over after the expiration of tenancy for a specified time;
>
> (b) Continuing in possession after a 20–day notice to vacate has been served when the tenancy is for an indefinite time with monthly or other periodic rent reserved;
>
> (c) Continuing possession after default in payment of rent and tenant has failed either to pay or vacate the

premises within 3 days after service of the notice to do so;

(d) Continuing in possession after neglect or failure to perform any of the covenants of the lease and failure to comply with the terms within 10 days after service of the notice requiring him to do so;

(e) Committing or permitting waste or maintaining a nuisance upon the premises and continuing in possession after service of a 3–day notice to vacate; and

(f) Entering upon the land of another without the owner's consent and remaining thereon after 3–day notice to vacate.

Paragraphs (b) through (f) (RCW 59.12.030(2)–(6)) require some form of advance notice prior to commencing an unlawful detainer action. Paragraph (a) does not require any notice.

RCW 61.24.060 does not specify under which subsection of RCW 59.12.030 the purchaser at the trustee's sale is to commence an unlawful detainer action. The Bank admits that none of the notices required by the statute were given. Thus, the issue presented requires us to interpret the intent of the Legislature in referencing the unlawful detainer provisions in the statute pertaining to deeds of trust.[3]

RCW 61.24 provides the method for nonjudicial foreclosure of a deed of trust. The chapter was designed by the Legislature to avoid costly, time–consuming judicial foreclosure proceedings, *Peoples Nat'l Bank v. Ostrander,* 6 Wn. App. 28, 491 P.2d 1058 (1971), and also to "provide an adequate opportunity [or notice] for interested parties to prevent wrongful foreclosure." *Cox v. Helenius,* 103 Wn.2d

---

[3]"In construing a statute, the court's paramount duty is to ascertain and give expression to the intent of the Legislature. To determine the intent of the Legislature, the court 'must look first to the language of the statute" and the purpose for which the law was enacted. (Citation omitted.) *Service Employees Int'l, Local 6 v. Superintendent of Pub. Instruction,* 104 Wn.2d 344, 348, 705 P.2d 776 (1985) (quoting *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 110, 676 P.2d 466 (1984)). "The act must be construed as a whole". *Nisqually Delta Ass'n v. DuPont,* 103 Wn.2d 720, 730, 696 P.2d 1222 (1985). "If a statute is amenable to more than one interpretation, the court should adopt the interpretation most consistent with the Legislature's intent." *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.,* 105 Wn.2d 353, 358, 715 P.2d 115 (1986).

383, 387, 693 P.2d 683 (1985). Detailed notice requirements for each stage of the foreclosure proceeding are set forth in the chapter.

For its part, RCW 59.12 is designed to provide expeditious, summary proceedings for the removal of persons in the possession of the property of another, *Munden v. Hazelrigg*, 105 Wn.2d 39, 711 P.2d 295 (1985), who are either in breach of a condition to that occupancy, have committed waste, have unlawfully entered, or have held over after expiration of a tenancy for a definite term. RCW 59.12.030.[4] We believe that the Legislature intended to preserve the summary nature of foreclosure actions permitted under RCW 61.24 in referring purchasers to the unlawful detainer statutes for the removal of "reluctant" former owners. RCW 61.24 provides for detailed notices and provides opportunities to cure for the defaulting property owner. An additional notice prior to commencement of an unlawful detainer action would be superfluous. Application of RCW 59.12.030(1) to these proceedings will provide a remedy that is consistent with the spirit and intent of the Legislature in enacting RCW 61.24 and will do so without prejudice to the rights of the defaulting party. We so hold. No notice was required; the Bank's failure to provide Mink with one of the statutory unlawful detainer notices was not fatal to its unlawful detainer action.

██ Mink has asserted numerous defenses and counterclaims to this action. However, an action under RCW

---

[4]"The provision [RCW 61.24.060] does not specify which subsection of the unlawful detainer statute . . . may be utilized by the purchaser to obtain possession of the property. None of the six subsections is directly applicable. Nevertheless, § 59.12.030(1), which applies to tenants holding over after the expiration of a specified term and which requires no notice prior to filing of the unlawful detainer action, should be available to the purchaser for two reasons. First, because the Deed of Trust Act allows the grantor or successor in interest to remain in possession for 20 days after the sale . . . the party in possession after 20 days is analogous to a tenant holding over after the expiration of a specified term. Second, in most cases the party in possession had actual knowledge of the foreclosure and needs no further notice prior to the filing of the unlawful detainer action." Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 Wash. L. Rev. 323, 325 n.20 (1984).

59.12.030

is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent. In order to protect the summary nature of the unlawful detainer proceedings, other claims, including counterclaims, are generally not allowed. . . .

An exception to the general rule is made when the counterclaim, affirmative equitable defense, or setoff is "based on facts which excuse a tenant's breach."

(Citations omitted.) *Munden,* at 45 (quoting *First Union Management, Inc. v. Slack,* 36 Wn. App. 849, 854, 679 P.2d 936 (1984)). Mink's affirmative defenses and counterclaims include allegations of breach of regulation Z and the truth in lending act, intentional infliction of emotional distress, defamation, slander of title, breach of contract, abuse of process, outrage, fraud, malicious prosecution, usury and unjust enrichment. These do not directly relate to the "question of possession" and may not be raised in an unlawful detainer action. However, in *Cox v. Helenius, supra,* the Supreme Court recognized that there may be circumstances surrounding the foreclosure process that will void the sale and thus destroy any right to possession in the purchaser at the sale.

In *Cox,* the court recognized two bases for post–sale relief: defects in the foreclosure process itself, *i.e.,* failure to observe the statutory prescriptions, and the existence of an actual conflict of interest on the part of the trustee arising out of the performance by the trustee of the dual role of trustee under RCW 61.24 and attorney for the beneficiary of the deed. As to the latter point the court noted that the facts in *Cox* disclosed the existence of an actual conflict of interest that required the attorney–trustee to withdraw from one of the conflicting roles. Mink alleges that such an actual conflict on the part of Reed McClure is present here. However, he failed to meet his burden in a summary judgment proceeding to demonstrate that conflict sufficiently to establish a dispute of material fact. CR 56.

Mink submitted pleadings, two sets of answers to the

action for unlawful detainer, and a memorandum in opposition to the motion, but he did not file any affidavits in support of his challenge to the validity of the trustee's sale due to Reed McClure's alleged breach of fiduciary duties as trustee. In addition, our review of the record discloses no evidence of any actual conflict of interest on the part of Reed McClure either in its capacity as trustee or otherwise. The trustee acted impartially and did nothing inimical to Mink's rights. The facts of this case are not even remotely akin to those set forth in *Cox v. Helenius, supra.*

What is true with respect to the conflict of interest claim is also true with respect to the majority of Mink's other claims: They are unsupported by any factual evidence sufficient to raise issues of material fact.

Mink's challenge to the constitutionality of the unlawful detainer proceeding on the ground that he was improperly prevented from litigating his counterclaims is also without merit. The right to raise a particular counterclaim in a special proceeding such as an unlawful detainer action is not a fundamental right that is protected by either the state or federal constitution. Mink is not precluded from raising his claims in the proper proceeding provided they are otherwise of merit.

The judgment is affirmed.

RINGOLD, A.C.J., and COLEMAN, J., concur.

Reconsideration denied October 7, 1987.