# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| GUY WAY and ZENAIDA WAY, husband and wife, | No.  48191-0-II |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| JOHN CHOQUER, and all other persons occupying 9213 NE Mason Creek Road, Battle Ground, WA 98604, | |
| Appellant. | |

BJORGEN, C.J. — John Choquer appeals the trial court's grant of a writ of restitution against him in an unlawful detainer action brought by Guy and Zenaida Way.  He argues that the Ways provided insufficient service under RCW 59.12.040 and RCW 61.24.060 by not naming his wife, Marian Choquer, in the notices to vacate.  The Ways argue that Choquer[1] does not have standing to appeal on this basis because Marian is the only aggrieved party.  Assuming without deciding that Choquer has standing to make his argument, we hold that notice was sufficient for the Ways to file an unlawful detainer action.  Accordingly, we affirm.

---

[1] To distinguish John Choquer from his wife, Marian Choquer, we refer to Marian by her first name.  We intend no disrespect.

FACTS

John and Marian Choquer owned a house located at 9213 NE Mason Creek Road in Battle Ground. In May 2015, Marian left the house and did not return. The mortgage owners began a nonjudicial foreclosure process and publicly auctioned the house. The Ways purchased the house, and on July 20, recorded a trustee's deed in their favor.

Because Choquer remained in the residence, he was served with a notice on August 4, 2015 that stated:

### 20 DAY NOTICE TO END TENANCY

TO:    John Choquer and *all other occupants* at 9213 NE Mason Creek Road, Battle Ground, WA 98604

YOU AND EACH OF YOU ARE HEREBY NOTIFIED AND INFORMED that for those certain premises situated at 9213 NE Mason Creek Road, Battle Ground, WA 98604, State of Washington, your tenancy of said premises is terminated on August 31, 2015, which is the last day of the rental period. On that day you will be required to surrender possession of the premises to the owner or the owner's agent. If you do not surrender the premises on or before the above date, the owner will commence a lawsuit for your eviction and you may be liable for rent, court costs and attorney's fees.

CP at 6 (emphasis added). In addition, Choquer received a notice from the Ways on August 5[2] to surrender possession of the home. It read:

John Choquer *and all other occupants*
9213 NE Mason Creek Rd.
Battle Ground, WA 98604

RE: NOTICE

**Sent via first class and certified mail return receipt requested**

Dear John Choquer:

---

[2] The letter itself is dated September 1, 2015, but the certified mail receipt indicates it was received August 5, 2015. The record below does not indicate any dispute that Choquer received this notice on August 5, 2015.

"NOTICE: The property located at 9213 NE Mason Creek Rd., Battle Ground, WA 98604 was purchased at a trustee's sale on June 5, 2015.

1. If you are the previous owner or an occupant who is not a tenant of the property that was purchased, pursuant to RCW 61.24.060, the purchaser at the trustee's sale is entitled to possession of the property immediately, which is in excess of the twentieth day following the sale.

2. If you are a tenant or subtenant in possession of the property that was purchased pursuant to RCW 61.24.146, the purchaser at the trustee's sale may either give you a new rental agreement OR give you a written notice to vacate the property in sixty days or more before the end of the monthly rental period."

Please contact my office within seven days from the date of this letter to discuss vacating the premises. My client is willing to be reasonable working with you towards vacating. However, should I not hear from you as instructed, we will begin unlawful detainer proceedings.

Clerk's Papers (CP) at 9 (emphasis added). The letter's language substantially mirrored RCW 61.24.060(2), which sets forth the required notice. On September 1, 2015, the Ways filed a complaint for an unlawful detainer action against Choquer and "all other persons occupying" the residence. CP at 1.

At a show cause hearing to determine whether a writ of restitution should be issued, Choquer argued that the service was ineffective because Marian was one of the prior homeowners and RCW 61.24.060 and RCW 59.12.040 require each person be individually named in the notices. The Ways argued that they had provided proper service under RCW 61.24.060 through the August 5 notice and RCW 59.12.040[3] through the August 4 notice. The trial court agreed, ruling that service as to Marian was sufficient under both statutes by naming "all other occupants" in the letters. It thus granted the Ways' writ of restitution.

---

[3] RCW 59.12.040(2) permits service by leaving a copy of the notice with a person of suitable age and discretion and sending a copy through the mail addressed to the person. The record reflects that the Ways provided service under this manner.

3

Choquer appeals.

ANALYSIS

Choquer argues that because Marian was a previous owner of the home, but not individually named on the notices to vacate, the Ways provided insufficient service under RCW 59.12.040 and RCW 61.24.060. The Ways contend that Choquer has no standing because his argument is based on a lack of notice as to Marian—not Choquer. Assuming without deciding that Choquer has standing to assert his argument, we find, for the reasons stated below, that the August 5 notice supplied the necessary service before initiating the unlawful detainer action.

The adequacy of a notice terminating tenancy presents a mixed question of law and fact that we review de novo. *Faciszewski v. Brown*, 192 Wn. App. 441, 445, 367 P.3d 1085 (2016), *review granted*, 185 Wn.2d 1040 (2016). Choquer's sole argument on appeal is that Marian should have been specifically named in the notices to vacate as required under RCW 59.12.040 and RCW 61.24.060 before filing an unlawful detainer action.

Here, the Ways' August 5 notice to vacate complied with RCW 61.24.060, which was the only notice required in these circumstances. RCW 59.12.032 requires that an unlawful detainer action commenced as a result of a trustee's sale under chapter 61.24 comply, as pertinent here, with RCW 61.24.060. RCW 61.24.060(2) requires the purchaser of any occupied property from a trustee's sale to provide written notice to the occupants in a form that indicates, among other considerations, the property's location, the nature of the trustee's sale, and the purchaser's right to possess the property in 20 days. The August 5 notice complied with the required provisions of RCW 61.24.060. Notably, nothing in RCW 61.24.040(2) requires that persons who are not an occupant or a tenant be specifically named. Thus, because Marian was not an occupant or a

4

tenant in the home, the failure to name Marian in the notice does not transform an otherwise sufficient notice into a defective one.

Choquer argues that the notice provisions for an unlawful detainer action generally under RCW 59.12.040 demonstrate that the Ways' notice had to specifically name Marian. We need not reach whether the notice complied with RCW 59.12.040,[4] however, because the notice under RCW 61.24.040(2) was all that was required. In *Savings Bank of Puget Sound v. Mink*, 49 Wn. App. 204, 205-07, 741 P.2d 1043 (1987), the bank purchased a home as a result of a nonjudicial foreclosure sale and subsequently provided notice to the current occupant under chapter 61.24 RCW, but not chapter 59.12 RCW, to initiate an unlawful detainer action. The occupant argued on appeal that he was entitled to separate notice under chapter 59.12 RCW. *See Id.* at 206-07. The *Savings Bank* court disagreed, holding that

> RCW 61.24 provides for detailed notices and provides opportunities to cure for the defaulting property owner. An additional notice prior to commencement of an unlawful detainer action would be superfluous.

*Id.* at 208. Thus, following *Savings Bank*, the Ways were not required to provide a separate notice under RCW 59.12.040. The August 5 notice, which satisfied RCW 61.24.060, was sufficient for the Ways to initiate the unlawful detainer action.

Accordingly, Choquer's claim fails.

---

[4] Even if an additional notice under chapter 59.12 RCW was required, the Ways' August 4 notice supplied that additional service. RCW 59.12.060 states that "[n]o person other than the tenant of the premises . . . in *the actual occupation of the premises* when the complaint is filed, need be made parties defendant." (Emphasis added.) It is uncontested that Marian was not in "actual occupation" as the record demonstrates that she did not live at the residence for many months before the foreclosure. Report of Proceedings (RP) (Oct. 6, 2015) at 14. Thus, Choquer's claim that service to Marian was insufficient under RCW 59.12.040 fails because Marian was not a necessary named defendant on the additionally provided August 4 notice.

CONCLUSION

Assuming arguendo that Choquer has standing, we hold that the August 5 notice was statutorily sufficient for the Ways to initiate their unlawful detainer action. We affirm the trial court's grant of a writ of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Johanson, J.

Lee, J.