## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ELIAS HAYDARI and AMIR BAHANDARI, | No. 74871-8-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CONCEPCION HERMOSILLO AZADMANESH, | FILED: April 24, 2017 |
| Appellant. | |

LEACH, J. — After Elias Haydari and Amir Bahandari purchased Concepcion Hermosillo's[1] home at a trustee's nonjudicial foreclosure sale, she refused to move. Haydari and Bahandari filed an unlawful detainer action, and the trial court granted a writ of restitution. Hermosillo appeals this decision. Because she fails to show an issue of fact about Haydari and Bahandari's right to possession, we affirm and remand.

### FACTS

We have described the facts about the foreclosure in the companion case, Hermosillo v. Quality Loan Service Corp. of Washington, No. 75020-8-I.

After a lender foreclosed on Hermosillo's property, Haydari and Bahandari purchased the property at a trustee's sale. Three days later, they had a notice to

---

[1] We refer to the appellant as Hermosillo consistent with the parties' briefing.

vacate served on Hermosillo. But she continued to occupy the premises. Nearly two months later, Haydari and Bahandari filed an unlawful detainer action to evict Hermosillo.

They attached the trustee's deed to their complaint. The trustee's deed identified Fidelity National Title Co. of Washington as the original trustee and Quality Loan Service Corp. of Washington as the current trustee.

After a show cause hearing, a court commissioner ruled in favor of Haydari and Bahandari. She denied Hermosillo's request for a jury trial, entered findings of fact and conclusions of law, and ordered the court clerk to issue a writ of restitution directing the sheriff to deliver possession of the property to Haydari and Bahandari. The commissioner later denied Hermosillo's motion for reconsideration.

A King County Superior Court judge stayed the writ of restitution conditioned on Hermosillo posting a supersedeas bond in the amount of $37,500. Hermosillo deposited the $37,500 and then appealed the order for the writ of restitution and denying her request for a jury trial.

## STANDARD OF REVIEW

The purchaser at a trustee's sale may file a statutory unlawful detainer action to resolve the right to possession of property.[2] This action provides a summary process for resolving a dispute about the right to possession of property

---

[2] RCW 61.24.060(1).

purchased.[3] At the beginning of this action or anytime later in the proceedings, the purchaser may ask the court for a writ of restitution restoring to it possession of the property.[4] A purchaser who wants a writ of restitution must schedule a show cause hearing.[5] At the show cause hearing, the court decides if the purchaser has shown that no substantial issue of material fact exists about its right to possession.[6] If so, the court grants this relief. If not, the court sets the case for trial unless the court decides the purchaser has no legal right to the relief requested and dismisses the case.[7]

On appeal, we review the record to decide whether an issue of fact exists about the purchaser's right to possession. If not, we will affirm the trial court's decision restoring possession. If the record shows a material issue of fact, we will reverse and remand for trial, unless we decide that the purchaser has no right to the legal relief requested.[8]

## ANALYSIS

Hermosillo contends that Haydari and Bahandari are not entitled to possession. She also claims a right to a jury trial in this case.

---

[3] Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985); RCW 59.12.030.
[4] RCW 59.12.090.
[5] Indigo Real Estate Servs., Inc. v. Wadsworth, 169 Wn. App. 412, 421, 280 P.3d 506 (2012).
[6] RCW 59.18.380.
[7] RCW 59.18.380.
[8] RCW 59.18.380.

First, Hermosillo asserts that the trustee's deed to Haydari and Bahandari did not show compliance with the deeds of trust act (DTA).[9] The trustee's deed identified Quality as the current trustee and stated that the deed of trust named Fidelity National as the original trustee. It did not explain how Quality became the successor trustee. Hermosillo claims that without information in the deed showing how Quality became the lawful trustee, one cannot know whether this sale was a valid sale under the DTA.

Haydari and Bahandari respond that the trustee's deed contained sufficient recitals and is prima facie evidence of compliance with the DTA. RCW 61.24.040(7) states,

> [T]he trustee shall execute to the purchaser its deed; the deed shall recite the facts showing that the sale was conducted in compliance with all of the requirements of this chapter and of the deed of trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value.

Haydari and Bahandari assert that a statement that Quality is the current trustee is sufficient. We agree.

Hermosillo relies on Division Two's decision in Albice v. Premier Mortgage Services of Washington.[10] Albice stated, "Legal conclusions without supporting facts are insufficient to demonstrate that the sale complied with all the statutory procedural protections."[11] In that case, a conclusory statement that all

---

[9] Ch. 61.24 RCW.
[10] 157 Wn. App. 912, 239 P.3d 1148 (2010), aff'd, 174 Wn.2d 560, 276 P.3d 1277 (2012).
[11] Albice, 157 Wn. App. at 924.

requirements of the DTA had been complied with made it impossible to determine whether the sale in fact complied with the DTA.[12] The recitals were insufficient because they did not include any information about the six continuances that postponed the sale beyond the period allowed by the DTA.[13] The court was "unwilling to accept a trustee's legal conclusions contrary to the actual facts of the foreclosure process as conclusive evidence where an accurate reporting of the facts would have shown the legal conclusions to be incorrect."[14]

This case is not like Albice. Here, the deed stated that Quality was the trustee. Hermosillo does not provide any evidence to contradict that recital. Nor does she cite any case supporting her claim that the deed must recite how Quality came to be trustee.

Moreover, she does not deny that Haydari and Bahandari are bona fide purchasers (BFPs). RCW 61.24.040(7) states that the recitals in the trustee's deed provide conclusive proof of compliance in favor of BFPs.[15] On appeal, the Supreme Court in Albice decided that the purchaser was not a BFP and thus could not benefit from BFP protection.[16] "[I]n considering whether a person is a BFP, we ask (1) whether the surrounding events created a duty of inquiry, and, if so, (2) whether the purchaser satisfied that duty."[17] Here, the deed stated that Quality was the current trustee. This is not misleading or inconsistent with any other

---

[12] Albice, 157 Wn. App. at 923.
[13] Albice, 157 Wn. App. at 922-23.
[14] Albice, 157 Wn. App. at 925.
[15] RCW 61.24.040(7).
[16] Albice, 174 Wn.2d at 573.
[17] Albice, 174 Wn.2d at 573.

recital. Thus, Haydari and Bahandari had no reason to question that recital or investigate further. The absence of facts explaining how Fidelity ceased to be the trustee and Quality became the successor trustee did not create a duty to inquire.

Next, Hermosillo challenges the commissioner's denial of her request for a jury trial. She claims RCW 59.12.130 entitles her to a jury trial on Haydari and Bahandari's right to possession claim. RCW 59.12.130 states, "Whenever an issue of fact is presented by the pleadings it must be tried by a jury." At the show cause hearing, Hermosillo had the opportunity to introduce some evidence to show the recitals in the trustee's deed were false. She did not. Because she failed to contradict the recitals, she did not create an issue of fact, and the commissioner correctly denied her request for a jury trial.

For the first time in her reply brief, Hermosillo lists, without argument, several items in the record, including pleadings submitted to the trial court, that she claims raise issues of fact. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."[18] Further, "trial court briefs cannot be incorporated into appellate briefs by reference."[19] In addition, we generally do not consider arguments raised for the first time in a reply brief.[20] For these reasons, we decline to consider whether these documents create an issue of fact.

---

[18] Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).
[19] Holland, 90 Wn. App. at 538.
[20] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Finally, Hermosillo contends that Haydari and Bahandari acquired the property subject to the outcome in the companion case. But that case involved only a civil action for damages under the Consumer Protection Act.[21] The sole question here is right to possession.[22] And while a party in an unlawful detainer action may raise a counterclaim "that will void the sale and thus destroy any right to possession in the purchaser at that sale," a Consumer Protection Act claim does not directly relate to the question of possession.[23] And we rejected Hermosillo's arguments in the companion case about the lender's authority to foreclose.[24]

The trial court properly ordered a writ of restitution and denied Hermosillo's request for a jury trial.

Haydari and Bahandari seek damages caused by this appeal, citing RCW 59.12.100 and RAP 8.1(c) as authority for their request. They must seek this relief in the trial court on remand.

---

[21] Ch. 19.86 RCW.
[22] Savings Bank of Puget Sound v. Mink, 49 Wn. App. 204, 208-09, 741 P.2d 1043 (1987).
[23] See Savings Bank, 49 Wn. App. at 209.
[24] Hermosillo v. Quality Loan Serv. Corp., No. 75020-8-I.

## CONCLUSION

Hermosillo does not create an issue of fact about the respondents' right to possession. We affirm the trial court and remand for a determination of damages.

_Leach, J._

WE CONCUR:

_Appelwick, J._          _Spearman, J._