IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HALO PROPERTIES AND INVESTMENTS, LLC, | No. 87556-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ROMUALD ZUCHOWSKI, | |
| Appellant. | |

CHUNG, J. — Romuald Zuchowski, representing himself, appeals the writ of restitution entered in favor of Halo Properties and Investments, LLC (Halo) following a trustee's nonjudicial foreclosure sale. Zuchowski argues that statutes authorizing unlawful detainer are unconstitutional and that the trial court, and this court, erred in refusing to stay the trial court proceedings pending appeal. We disagree and affirm.

FACTS

In 2004, Zuchowski obtained a mortgage loan in the amount of $213,800 to purchase residential property located in Renton. He executed a promissory note for the amount of the loan secured by a deed of trust. In 2023, Zuchowski defaulted on the loan and the successor trustee commenced a nonjudicial foreclosure. Zuchowski did not move to enjoin the scheduled nonjudicial foreclosure sale. On April 19, 2024, Halo purchased the property at the

foreclosure sale. The trustee's deed conveyed title to Halo on April 26, 2024, and the deed was recorded on April 30, 2024.

Halo provided Zuchowski with written notice to vacate the premises, but Zuchowski refused to comply. On October 18, 2024, Halo filed a complaint for unlawful detainer against Zuchowski seeking a writ of restitution. On October 24, 2024, Halo moved for service by alternative means under RCW 59.12.085. In support of this motion, Halo attached a declaration of non-service from the process server, who stated that he made three unsuccessful attempts to personally serve Zuchowski at the premises. The trial court granted Halo's motion, and on October 25, 2024, Halo served Zuchowski by regular and certified mail, and by posting a copy of the complaint to an exterior wall of the premises the following day.

Halo then moved for an order to show cause why a writ of restitution should not be entered. Representing himself, Zuchowski filed an answer, affirmative defenses, counterclaims for engaging in deceptive business practices, and a motion to dismiss. The trial court granted Halo's motion to show cause and scheduled a show cause hearing. At an initial show cause hearing on November 20, 2024, the parties agreed to continue the hearing to December 6.

During the virtual hearing, the court asked the parties if they had met to see whether they could reach a resolution and if it would be "worthwhile to send you into a chat room" to arrange for a conference. Halo's counsel said he would not want to participate because he was "familiar with Mr. Zuchowski and his beliefs" and did not want to "spend any time" with him. When the court asked

Halo to provide specifics, he asserted that Zuchowski was "heavily involved in sovereign citizens beliefs." Zuchowski objected to this statement, and subsequently also filed a written motion to strike Halo's comment from the record.

Later, at the rescheduled show cause hearing, the trial court heard testimony from both parties. Zuchowski argued that he could not be evicted because there was no landlord-tenant agreement and he did not pay rent. He further asserted that Halo violated due process by attempting to take his property without proper service and by referring to him a "sovereign citizen" so as to defame him and circumvent discovery. The court acknowledged Zuchowski's concern with the word "sovereign citizen" and, while it declined to strike the statement, the court assured him it was "not considering it at all" in its ruling and was "ignoring it." At the conclusion of the show cause hearing, the court found that Halo purchased the property at a trustee's sale and that Zuchowski had unlawfully detained the premises. Accordingly, the court entered an order of judgment directing the issuance of a writ of restitution.

On December 12, 2024, Zuchowski moved to stay the writ of restitution pending appeal. On December 23, 2024, Zuchowski filed a "motion for reassignment to a superior court judge" asserting that the hearing on his motion for stay should not have been assigned to a commissioner. On December 27, 2024, Zuchowski noted his "emergency" motion for stay on the commissioners' ex parte calendar. Halo filed a response opposing the motion for emergency stay. On January 6, 2025, Zuchowski again moved to reassign the hearing on his

motion to stay from a commissioner to a judge. The record does not reflect that the trial court ruled on the motion to stay.

On January 4, 2025, the King County sheriff served a notice of eviction on Zuchowski, setting an eviction date of any time after 11:59 p.m. on January 8, 2025. On January 9, 2025, Zuchowski filed in this court an expedited motion for a stay pending appeal. That same day, a commissioner of this court denied the motion without prejudice for Zuchowski to ask the trial court to set a supersedeas bond for a stay. Zuchowski motioned to modify the commissioner's ruling, which this court denied. On January 14, 2025, the King County Sheriff executed the eviction.

Zuchowski appeals.

DISCUSSION

Preliminarily, we note that Zuchowski represents himself on appeal. While we recognize the difficulties of self-representation, " 'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.' " In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). "Strict adherence to [RAP 10.3] is not merely a technical nicety." In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). The appellant also bears the burden of providing a sufficient record to review the issues raised on appeal. RAP 9.6; Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). We need not consider arguments that are not supported by references to

4

the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). With these principles in mind, we address Zuchowski's arguments.

    I.  Unlawful Detainer

Zuchowski argues that statutes authorizing eviction through summary proceedings without trial by jury or discovery violate due process. Zuchowski misunderstands the nature of unlawful detainer proceedings.

Washington's Deed of Trust Act (DTA), chapter 61.24 RCW, "provides an alternative to judicial foreclosure by allowing for the private sale of foreclosed property" at a trustee's sale. River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). The DTA "was designed by the Legislature to avoid costly, time-consuming judicial foreclosure proceedings, and also to 'provide an adequate opportunity [or notice] for interested parties to prevent wrongful foreclosure.' " Selene RMOF II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 77, 399 P.3d 1118 (2017) (quoting Savings Bank of Puget Sound v. Mink, 49 Wn. App. 204, 207-08, 741 P.2d 1043 (1987). "This statutory procedure is 'the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure.' " Plein v. Lackey, 149 Wn.2d 214, 226, 67 P.3d 1061 (2003) (quoting Cox v. Helenius, 103 Wn.2d 383, 388, 693 P.2d 683 (1985)).

The purchaser is entitled to possession of the property after 20 days and "shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060(1); Fed. Nat'l Mortg.

Ass'n v. Ndiaye, 188 Wn. App. 376, 381, 353 P.3d 644 (2015) (RCW 59.12.032 authorizes the purchaser at a deed of trust foreclosure sale to bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules."). Unlawful detainer is a summary statutory proceeding created as an alternative to common law ejectment. River Stone, 199 Wn. App. at 92. As such, it is a narrow action "limited to the question of possession" and related only to "issues such as restitution of the premises and rent." Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). "[I]n the foreclosure context unlawful detainer defendants are limited to raising defenses or counterclaims relating to rightful possession of the property." River Stone, 199 Wn. App. at 93. Unlawful detainer actions do not provide a forum for litigating claims to title or challenges to the underlying foreclosure. Ndiaye, 188 Wn. App. at 382. A jury trial at the initial stage of an unlawful detainer action is not available in such summary proceedings. Tedford v. Guy, 13 Wn. App. 2d 1, 10-11, 462 P.3d 869 (2020).

We review the trial court's findings of fact in an unlawful detainer action for substantial evidence, and we review conclusions of law de novo. Id. at 12. Unchallenged findings of fact are verities on appeal. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015).

Here, the record and unchallenged findings of fact support the court's decision to enter a writ of restitution. Halo purchased the property at the nonjudicial foreclosure sale, and the trustee's deed conveyed title of the property to Halo. The trustee's deed recited facts reflecting that the sale was conducted in

compliance with the statutory requirements and the deed of trust. See RCW 61.24.040(11) (such recital is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value"). Halo brought the action seeking a writ of restitution more than 20 days after the sale. The trial court determined that Halo provided post-foreclosure notice as required by RCW 61.24.060, that Zuchowski was properly served, and that Zuchowski failed to vacate the premises. Zuchowski did not assign error to any of the trial court's findings of fact, so they are verities on appeal. See Pham, 187 Wn. App. at 825. On this record, we conclude the trial court properly granted the writ of restitution.

Zuchowski asserts that the trial court lacked jurisdiction because he was not personally served with the summons and complaint. But Zuchowski fails to provide authority in support and does not address the legal sufficiency of Halo's alternative service by mail and posting, which the trial court approved following Halo's unsuccessful attempts to personally serve him. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Zuchowski also does not offer any persuasive basis to challenge the constitutionality of unlawful detainer proceedings under chapter 59.12 RCW to obtain possession of real property following a nonjudicial foreclosure sale. Zuchowski cites State v. City of Sunnyside, 3 Wn.3d 279, 550 P.3d 31 (2024), for the proposition that unlawful detainer actions violate due process. His reliance is misplaced. Sunnyside involved a crime-free rental housing city ordinance that

7

authorized extrajudicial evictions without a superior court writ of restitution. 3 Wn.2d at 285. In contrast, "summary proceedings like unlawful detainer actions satisfy the requirements of procedural due process because they provide opportunity for complaint and answer and a hearing before a judge." Id. at 309 (citing Carlstrom v. Hanline, 98 Wn. App. 780, 789-90, 990 P.2d 986 (2000).

Zuchowski further contends that expedited summary proceedings without discovery or a jury trial prevent proper review of ownership disputes and strip the prior owner of the right to challenge the legitimacy of the sale. In support of his argument, Zuchowski points to our constitution that declares, "The right of trial by jury shall remain inviolate." Const. art. I, § 21. At the show cause hearing, Zuchowski had the opportunity to introduce evidence regarding his right to possess the property. Because he did not do so, he did not create an issue of fact and did not have a right to a jury trial.

Nor was Zuchowski unconstitutionally denied an opportunity to raise counterclaims for "unlawful detainer abuse." Although counterclaims of the type brought by Zuchowski cannot be entertained in an unlawful detainer proceeding, they may be pursued in separate litigation. Mink, 49 Wn.App. at 209; Munden, 105 Wn.2d at 45. Unlawful detainer actions are not the appropriate forum to challenge the foreclosure or questions of title. Ndiaye, 188 Wn. App. at 382. That remedy is available via the DTA. Here, Halo purchased the property at the nonjudicial foreclosure sale, and it is undisputed that Zuchowski did not avail himself of his statutory right to petition to enjoin the sale under the DTA. A borrower cannot assert DTA violations as a defense in an unlawful detainer

action. River Stone, 199 Wn. App. at 97; see also Plein, 149 Wn.2d at 228 (the DTA contains no provision for setting aside a sale once it has occurred).

The trial court did not err in ordering the issuance of a writ of restitution.

II.  Motion to Stay

Zuchowski argues that the court's refusal to hear the motion to stay prior to eviction violated his due process right to be heard before being deprived of property. We disagree.

The unlawful detainer statute prohibits a stay pending review unless the aggrieved party executes and files a supersedeas bond set by the court. RCW 59.12.200. Under RCW 59.12.200, an appealing party who desires a stay "shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, . . . and to pay all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding." Zuchowski claims that RAP 8.1(b) and CR 62(d) make a bond discretionary. But CR 62(d) was rescinded in 1977. See 4 ELIZABETH A. TURNER, WASHINGTON PRACTICE: RULES PRACTICE, CR 62, at 740 (7th ed. 2021). And while RAP 8.1(b) does provide that "[a]ny party to a review proceeding has the right to stay enforcement of a . . . decision affecting real . . . property," the rule conditions that right on "filing in the trial court a supersedeas bond or cash, or alternate security approved by the trial court" and expressly does not apply where "prohibited by statute." RAP 8.1(b)(2). A stay bond on appeal halts the writ of restitution on the condition that the defendant pay "all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding." RCW 59.12.200. The purpose of the bond is to

9

"secure the [owner] against losses during the pendency of the proceedings when the [occupant] continues to occupy the premises." Hous. Auth. v. Pleasant, 126 Wn. App. 382, 390, 109 P.3d 422 (2005). In short, a bond is required.

Zuchowski asserts that procedural errors and clerical misconduct in the trial proceeding obstructed his ability to obtain relief. In particular, he asserts that his motion for a stay was repeatedly misassigned to a commissioner rather than a judge and that the motion would have been granted because he demonstrated a strong likelihood of success on appeal. But Zuchowski offers no authority for the proposition that a commissioner could not consider his motions. In any event, it is undisputed that he did not comply with the requirements of RCW 59.12.200. Under these circumstances, it was not error for the trial court to resolve Halo's unlawful detainer claim.

Zuchowski also challenges the Court of Appeals commissioner's ruling denying his motion for a stay pending appeal without prejudice to ask the trial court to set a supersedeas bond. He contends that the commissioner's ruling was incorrect and that the motion should have been considered by a panel of judges. Zuchowski misreads the Rules of Appellate Procedure. Under RAP 17.2, the following types of motions must be determined by judges of the Court of Appeals: (1) a motion in a brief, (2) a motion to modify a ruling by a commissioner or the clerk, (3) a motion for reconsideration of a decision, (4) a motion to recall the mandate, except for a motion made to correct an inadvertently issued mandate, and (5) a motion to publish. RAP 17.2(a). "All other motions may be determined initially by a commissioner or the clerk of the

appellate court." Id. The movant may then move to modify an adverse ruling under RAP 17.7. "An appellant who makes a motion to modify pursuant to RAP 17.7 receives, as a matter of right, de novo review of the commissioner's ruling by a 3-judge panel." State v. Rolax, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985). A panel denied Zuchowski's motion to modify the commissioner's ruling. He is not entitled to challenge it again here.

Zuchowski also asserts that this court erred by failing to rule on his stay motion before the King County Sheriff executed the eviction. He contends that the delay violated RAP 17.6(a) and Washington Code of Judicial Conduct (CJC) 2.5(a), but those authorities provide no support for his claim.

Zuchowski also asserts that the trial court erred in refusing to rule on his motion to strike language he deemed prejudicial from the verbatim report of proceedings. However, he provided no argument or legal authority in support of this claim, so we need not consider it further. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court need not consider arguments that are not supported by citation to authority). Zuchowski also raises several issues for the first time in his reply brief, including claims of judicial bias, constructive fraud, and equal protection violations. But we do not consider matters raised for the first time in a reply brief. Lewis v. City of Mercer Island, 63 Wn. App. 29, 31, 817 P.2d 408 (1991).

III.  Attorney Fees

Halo requests attorney fees on appeal, citing RAP 18.1(b) and RAP 18.9. Under RAP 18.1, a party may request reasonable attorney fees on appeal if an

applicable law grants the party the right to recover. RAP 18.9(a) allows this court to award sanctions, such as a grant of attorney fees and costs to an opposing party, when a party brings a frivolous appeal. To be awarded attorney fees on appeal, a party must provide more than a bald request. RAP 18.1(b); <u>Hudson v. Hapner</u>, 170 Wn.2d 22, 33, 239 P.3d 579 (2010). Halo offers no meaningful argument explaining why it is entitled to attorney fees. We deny the request.

CONCLUSION

We affirm.

_Chung, J._

WE CONCUR:

_Birk, J._